UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE, and SAVE THE MANATEE CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendant. | Case No.: 1:22-cv-00246-TNM |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity, Defenders of Wildlife, and Save the Manatee Club ("Plaintiffs") and Defendant U.S. Fish and Wildlife Service ("Service" or "FWS") (collectively, "parties"), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Florida manatee (*Trichechus manatus latirostris*) was listed as an endangered species in 1967 under the Endangered Species Preservation Act, the forerunner to the Endangered Species Act ("ESA");

WHEREAS, FWS designated critical habitat for the Florida manatee in 1976, delineating waterways in Florida that were known to be important concentration areas for manatees at that time;

WHEREAS, on December 19, 2008, Plaintiffs petitioned FWS under the Administrative Procedure Act ("APA") and ESA to undertake a rulemaking to revise critical habitat for the Florida manatee;

WHEREAS, on September 16, 2009, FWS published a 90-day positive finding regarding the petition, determining that revising critical habitat for the Florida manatee may be warranted. 74 Fed. Reg. 49,842 (Sept 29, 2009);

WHEREAS, on January 12, 2010, after "a thorough review of all available scientific and commercial information," FWS found that "revisions to critical habitat for the Florida manatee are warranted." 75 Fed. Reg. 1574 (Jan. 12, 2010).  FWS stated that "sufficient funds are not available due to higher priority actions such as court-ordered listing-related actions and judicially approved settlement agreements" and that it intended "to initiate rulemaking when we complete [] higher priorities and have the necessary resources to do so." *Id.* at 1574;

WHEREAS, the Service has not yet revised critical habitat for the Florida manatee;

WHEREAS, on February 1, 2022, Plaintiffs filed the above-captioned action to compel the Service to revise the critical habitat designation for the Florida manatee by a date certain, ECF No. 1;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties desire to resolve Plaintiffs' claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1.	On or before **September 12, 2024**, the Service shall submit to the Office of the *Federal Register* for publication a proposed revision of critical habitat for the Florida manatee.

2.	The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3.	In the event that Defendant fails to meet the deadline specified in Paragraph 1 and has not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.	This Agreement requires only that Defendant take the actions specified in Paragraph 1.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendant by the ESA, APA, or general principles

of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement.  To challenge any final determination, Plaintiffs must file a separate action.  Defendant reserves the right to raise any applicable claims or defenses to such challenges.

5. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

6. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party.  Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have.  This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

7. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

8. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein.  This Agreement contains all of the terms of agreement between the parties concerning the Complaint,

and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

11. Plaintiffs reserve their right to request reasonable fees from Defendant and Defendant reserves its right to contest Plaintiffs' entitlement to recover fees in this case and the amount of any such fees, and do not waive any objection or defenses they may have to Plaintiffs' fee request. If the parties are unable to settle Plaintiffs' fee claim, Plaintiffs will have 60 days from the approval of this Agreement to file a motion for fees.

12. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any dispute as to fees and compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated May 26, 2022

Respectfully submitted,

TODD KIM,
Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

*/s/ Mark Arthur Brown*
Mark Arthur Brown
Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0204
Fax: (202) 305-0275
E-mail: mark.brown@usdoj.gov

*Attorneys for Defendant*


  */s/ Jaclyn M. Lopez*
Jaclyn M. Lopez
FL0017
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 537-0802
Fax: (520) 623-9797
jlopez@biologicaldiversity.org

 */s/ Ragan Whitlock*
Ragan Whitlock, *Pro hac vice*
FL1034177
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33713
Tel: (727) 426-3653
rwhitlock@biologicaldiversity.org

<u>/s/ *Jane P. Davenport*</u>
Jane P. Davenport (DC Bar 474585)
Defenders of Wildlife
1130 17th St NW
Washington, DC 20036
Tel: (202) 772-3274
jdavenport@defenders.org

<u>*/s/ Anne M. Harvey*</u>
Anne M. Harvey
FL89808
Counsel for Save the Manatee Club
Law Offices of F. Bryan Brice, Jr.
127 W. Hargett Street, Suite 600
Raleigh, NC 27601
Tel: (919) 754-1600
anne@attybryanbrice.com

*Attorneys for Plaintiffs*

IT IS SO ORDERED.

Dated: _____, 2022   By: _____
　　　　　　　　　　　　　　　　　　　HON. TREVOR N. MCFADDEN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE